# United States District Court

FOR THE

**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO 

22-CR-00097 CRB

---

UNITED STATES OF AMERICA,

V.

WILLIAM F. GARLOCK

AND

GEORGINA RODRIGUEZ,

CR 21 0097

CRB

FILED

JUL 14 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

DEFENDANT(S).

---

# SUPERSEDING INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud;
18 U.S.C. § 1341 – Mail Fraud;
18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering;
18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering;
18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;
18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. § 1957 – Engaging in Monetary Transactions
with Proceeds of Specified Unlawful Activity;
18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. §§ 981(a)(1)(C), 982(a) & 982(b)(1)
& 28 U.S.C. § 2461(c) – Forfeiture Allegations

7/14/2022

A true bill.

/s/ Foreperson of the Grand Jury

_____ Foreman

Filed in open court this __14__ day of

__July 2022__.

_____ Clerk

7/14/22

Magistrate Judge Donna M. Ryu

Bail, $ __No process__

1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2

3                                                  
                                                   FILED
4
                                                   JUL 1 4 2022
5
                                                   CLERK, U.S. DISTRICT COURT
                                                   NORTH DISTRICT OF CALIFORNIA
6                                                  OAKLAND OFFICE

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,           )  CASE NO.  CR 21-00097 CRB
                                        )
12         Plaintiff,                   )  VIOLATIONS:
                                        )  18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud;
13     v.                               )  18 U.S.C. § 1341 – Mail Fraud;
                                        )  18 U.S.C. § 1956(h) – Conspiracy to Commit Money
14  WILLIAM F. GARLOCK,                 )  Laundering;
       a/k/a Bill Garlock,              )  18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering;
15                                      )  18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;
       and                              )  18 U.S.C. § 1343 – Wire Fraud;
16                                      )  18 U.S.C. § 1957 – Engaging in Monetary Transactions
    GEORGINA RODRIGUEZ,                 )  with Proceeds of Specified Unlawful Activity;
17     a/k/a Georgina Rodriguez Ramirez,)  18 U.S.C. § 2 – Aiding and Abetting;
       a/k/a Gina Rodriguez, and        )  18 U.S.C. §§ 981(a)(1)(C), 982(a) & 982(b)(1) & 28
18     a/k/a Georgina Ramirez,          )  U.S.C. § 2461(c) – Forfeiture Allegations
                                        )
19         Defendants.                  )
                                        )  SAN FRANCISCO VENUE
20  _____)

21              S U P E R S E D I N G   I N D I C T M E N T

22         The Grand Jury charges that, at all times relevant to this Superseding Indictment:

23                       Introductory Allegations

24         1.     The defendant WILLIAM F. GARLOCK ("GARLOCK"), who also used the name Bill

25  Garlock, was an individual who resided in the Northern District of California, including in Marin

26  County.

27         2.     The defendant GEORGINA RODRIGUEZ, who also used the names Georgina

28  Rodriguez Ramirez, Gina Rodriguez, and Georgina Ramirez ("RODRIGUEZ"), was an individual who

SUPERSEDING INDICTMENT
CR 21-00097 CRB

1  resided in the Northern District of California, including in Alameda County.

2       3.     GARLOCK and RODRIGUEZ maintained an office located on 29th Street in San

3  Francisco, California ("29th Street Property").

4  <u>Entities Controlled by GARLOCK and RODRIGUEZ</u>

5       4.     West Edge Halo, Inc. ("West Edge Halo"), was a California corporation first registered

6  with the California Secretary of State in or about April 2014.

7       5.     4850 67th Street, LLC ("4850 67th Street"), was a California limited liability company

8  first registered with the California Secretary of State in or about September 2014.  Beginning in or about

9  2015, 4850 67th Street became the owner of an improved parcel of real property located at 4850 67th

10  Street in San Diego, California ("67th Street Property").

11       6.     Feng 24th, LLC ("Feng 24th"), was a California limited liability company first registered

12  with the California Secretary of State in or about February 2017.  Beginning in or about April 2017,

13  Feng 24th was the owner of a mixed-use property located on the 2600 block of 24th Street in San

14  Francisco ("24th Street Property").

15       7.     Menlo Capital – 67th Street, LLC ("Menlo Capital/67th Street"), was a California limited

16  liability company first registered with the California Secretary of State in or about March 2017.

17       8.     Although GARLOCK's name was not listed in any filings made with the California

18  Secretary of State by West Edge Halo, 4850 67th Street, Feng 24th, or Menlo Capital/67th Street,

19  GARLOCK and RODRIGUEZ each exercised substantial control over the activities, finances, and assets

20  of each of those four entities at all times relevant to this Superseding Indictment.

21       9.     2555 Pulgas EPA, LLC ("2555 Pulgas"), was a California limited liability company

22  originally registered with the California Secretary of State in or about October 2001 under the name

23  "RWC Fifth Avenue LLC."  In or about August 2005, GARLOCK filed a Certificate of Amendment

24  with the California Secretary of State changing the entity's name to 2555 Pulgas.  Although

25  GARLOCK's name was not listed in any filings made by 2555 Pulgas with the California Secretary of

26  State after 2005, GARLOCK and RODRIGUEZ each exercised substantial control over the activities,

27  finances, and assets of 2555 Pulgas at all times relevant to this Superseding Indictment.

28       10.     27th & Telegraph, LLC ("27th & Telegraph"), was a California limited liability company

SUPERSEDING INDICTMENT
CR 21-00097 CRB                     2

first registered with the California Secretary of State in or about October 2004.  Although GARLOCK's name was not listed in any filings made by 27th & Telegraph with the California Secretary of State after 2004, GARLOCK and RODRIGUEZ each exercised substantial control over the activities, finances, and assets of 27th & Telegraph at all times relevant to this Superseding Indictment.

<u>Solicitation of Investments from Victims 1, 2, and 3 in 2017</u>

11.     On or about March 7, 2017, GARLOCK and RODRIGUEZ, and others known and unknown to the Grand Jury, caused two letters bearing that date and RODRIGUEZ's signature to be sent through the mail.  One letter was addressed and mailed to the individual identified in this Superseding Indictment as "Victim 1," who resided in San Mateo County.  The second letter was addressed and mailed to the individual identified in this Superseding Indictment as "Victim 3."  Victim 3 resided in Santa Clara County with his spouse, who is identified in this Superseding Indictment as "Victim 2."

12.     The letters received by Victim 1 and by Victims 2 and 3 each included an attachment describing the real property that was the subject of the proposed investment:  4850 67th Street, San Diego, California ("67th Street Property").  The attachment explained that the individual identified in this Superseding Indictment as "Individual 1" had purchased the property in 2015 and had won a judgment against a non-profit company ("Non-Profit") for its failure to make its lease payments on the 67th Street Property.  The summary explained that the total amount of the judgment was approximately $2.5 million, that more than $366,000 had already been paid on the judgment, and that it was expected that the judgment would be paid off within about two years.  The summary explained that, in an effort to remain "very liquid," Individual 1 was "looking to raise funds using this judgement [sic] as collateral, backed up by a $500,000 line of credit . . . ."

13.     Victim 1 and Victims 2 and 3 were provided with a private placement memorandum ("PPM") regarding the proposed investment.  The introduction of the executive summary of the PPM read in part as follows:

> MENLO CAPITAL – 67th Street, LLC (the "Company") has agreed to make a loan to 4850 67th Street, LLC (the "Borrower") in the amount of up to $1,000,000. . . .  As security for the Note, the Borrower shall give the Company a security interest in that judgment (the "Judgment") obtained by Borrower against [Non-Profit] . . . in the original amount of $2,242,263.49. . . .

/ / /

SUPERSEDING INDICTMENT
CR 21-00097 CRB                    3

14.     The section of the PPM titled "Use of Proceeds" provided in part as follows:

The Company [*i.e.*, Menlo Capital/67th Street] *will fund all amounts invested pursuant to this offering with the Borrower* [*i.e.*, 4850 67th Street]. . . . The Borrower intends to use the proceeds to pay Offering Costs, fund the interest reserve required under the Note, pay operating costs with respect to the San Diego Property, pay Borrower's attorneys' fees and costs arising from obtaining and collecting the Judgment, establish reserves and to distribute to its Members (including [Individual 1]) some of the additional advances made by [Individual 1] to the Borrower." [emphasis added]

15.     After receiving the PPM, Victim 1 provided a personal check in the amount of $300,000, which was deposited into Menlo Capital/67th Street's bank account on or about March 16, 2017.

16.     After receiving the PPM, Victim 2 provided a personal check in the amount of $200,000, which check was drawn on a joint account held in Victim 2's and Victim 3's names.  Victim 2's check was deposited into Menlo Capital/67th Street's bank account on or about April 12, 2017.

<u>The 2017 Scheme and Artifice to Defraud</u>

17.     Prior to and as of March 2017, GARLOCK and RODRIGUEZ were associated with numerous business endeavors that required capital expenditures or that had significant ongoing expenses.  These business endeavors were related to numerous business entities associated with GARLOCK and RODRIGUEZ, including those entities identified above.  The capital and cash demands arising from all of the business endeavors meant that GARLOCK and RODRIGUEZ regularly faced significant weekly and monthly shortfalls in meeting both business expenses and personal living expenses.

18.     In order to meet the capital and cash demands from these business endeavors, and to pay for their own personal living expenses, GARLOCK and RODRIGUEZ devised and participated in devising a plan to solicit investments related to the 67th Street Property in which the representations set out in Paragraphs 12 through 14, and other representations, were made to potential investors, including to Victim 1 and Victims 2 and 3.

19.     However, GARLOCK and RODRIGUEZ knew at the time that investments into Menlo Capital/67th Street were solicited and accepted that the capital and cash demands of their other business endeavors and their own personal expenses meant that it was unlikely that little of the investments into Menlo Capital/67th Street would actually be loaned to 4850 67th Street or used for purposes related to the 67th Street Property.

SUPERSEDING INDICTMENT
CR 21-00097 CRB                    4

20.     After depositing Victim 1's and Victim 2 and 3's investments in Menlo Capital/67th Street's bank account, GARLOCK and RODRIGUEZ caused more than $300,000 of those victims' funds to be sent to West Edge Halo's bank account. It was part of the scheme and artifice that GARLOCK and RODRIGUEZ used many or most of those funds for various personal, business, and other expenses, including the following:

      a.     Multiple loan payments;

      b.     Rent for GARLOCK in Tiburon, California;

      c.     GARLOCK's insurance policies;

      d.     Storage center fees for GARLOCK's spouse;

      e.     Horse-related expenses;

      f.     Utility bills;

      g.     Reimbursement payments to RODRIGUEZ; and

      h.     Loan to Individual 1's company for the purpose of paying down that company's business line of credit.

21.     Moreover, GARLOCK and RODRIGUEZ knew that the representations regarding 4850 67th Street's entitlement to payment from Non-Profit would encourage potential investors, including Victim 1 and Victim 2 and 3, to invest funds with Menlo Capital/67th Street for that entity to loan those funds to 4850 67th Street. In truth, however, GARLOCK and RODRIGUEZ knew at the time that they solicited and accepted investments into Menlo Capital/67th Street that little, if any, of the payments on the judgment received by 4850 67th Street from Non-Profit would be set aside or used to pay back the "loan" that 4850 67th Street received from Menlo Capital/67th Street. Indeed, more than 40% of the payments made in 2016 and 2017 by Non-Profit to 4850 67th Street toward the judgment simply flowed to West Edge Halo. Later, in June 2018, and after GARLOCK and RODRIGUEZ had solicited and Menlo Capital/67th Street had received funds from investors, 4850 67th Street received more than $1,000,000 originating from Non-Profit as payment on the judgment. Little of this money was directly used to make principal and interest payments to Menlo Capital/67th Street. Instead, much of the money was directed to business entities controlled by GARLOCK and RODRIGUEZ, including 2555 Pulgas. Some of the judgment funds were then used to pay GARLOCK's personal expenses, including personal

*identified*  
*KFW*

1   debts, insurance premiums, utility bills, and horse- and polo-related expenses.

2       22.     In order to lull Victims 1, 2, and 3, to dissuade those victims from requesting the return of

3   their principal, and to encourage them to re-invest their principal in the future, GARLOCK and

4   RODRIGUEZ made regular monthly interest payments to Victims 1, 2, and 3, or caused such payments

5   to be made.  To date, Victim 1 has not received the return of her principal.  In 2019, Individual 1

6   provided the funds that were used to repay Victims 2 and 3.

7                        Solicitation of Investment Loan from Victims 4 and 5 in 2019

8       23.     In or about February 2019, GARLOCK and RODRIGUEZ solicited and caused third

9   parties to solicit a $400,000 loan from the individuals identified in this Superseding Indictment as

10  Victims 4 and 5, who were a married couple.  The solicited loan related to the 24th Street Property and

11  the 29th Street Property and was pitched as an "Investment Opportunity."

12      24.     GARLOCK and RODRIGUEZ represented to Victims 4 and 5, and caused third parties

13  to make representations, that the proposed $400,000 loan would be used for the 24th Street Property and

14  that the loan would be secured by deeds of trust on the 24th Street Property and the 29th Street Property.

15  For example, a "Personal Guaranty" executed by RODRIGUEZ on or about March 13, 2019,

16  represented that Victims 4 and 5's funds would be used "to develop" the 24th Street Property.  At the

17  time, the 24th Street Property was owned by Feng 24th, and the 29th Street Property was owned by 2555

18  Pulgas.

19      25.     On or about March 18, 2019, Victims 4 and 5 wired $400,000 to a title company handling

20  the loan transaction.

21                               The 2019 Scheme and Artifice to Defraud

22      26.     Prior to and as of February 2019, GARLOCK and RODRIGUEZ were associated with

23  numerous business endeavors that required capital expenditures or that had significant ongoing

24  expenses.  These business endeavors were related to numerous business entities associated with

25  GARLOCK and RODRIGUEZ, including those entities identified above.  The capital and cash demands

26  arising from all of the business endeavors meant that GARLOCK and RODRIGUEZ regularly faced

27  significant weekly and monthly shortfalls in meeting both business expenses and personal living

28  expenses.

SUPERSEDING INDICTMENT
CR 21-00097 CRB                              6

27.     In order to meet the capital and cash demands from these business endeavors, and to pay for their own personal living expenses, GARLOCK and RODRIGUEZ devised and participated in devising a plan to solicit a loan related to the 24th Street Property and the 29th Street Property in which the representations set out in Paragraphs 23 and 24, and other representations, were made to Victims 4 and 5.

28.     However, GARLOCK and RODRIGUEZ knew at the time that the loan was solicited and accepted from Victims 4 and 5 that the capital and cash demands of their other business endeavors and their own personal expenses meant that a significant portion of the funds received from Victims 4 and 5 would be used for purposes unrelated to either the 24th Street Property or the 29th Street Property.

29.     GARLOCK and RODRIGUEZ also did not disclose to Victims 4 and 5, and otherwise concealed from Victims 4 and 5, information regarding pre-existing indebtedness regarding the 29th Street Property in the form of a note with a balance of approximately $190,000 as of early 2019.

30.     Furthermore, GARLOCK and RODRIGUEZ did not disclose to Victims 4 and 5, and otherwise concealed from Victims 4 and 5, the fact that Feng 24th had received a Notice of Event of Default regarding a $3,500,000 loan secured by the 24th Street Property on or about February 13, 2019.

31.     Moreover, GARLOCK and RODRIGUEZ caused false representations to be made to Victims 4 and 5 by overstating the income stream received by the 29th Street Property for parking spaces associated with that property.

32.     Immediately after receiving Victims 4 and 5's loan funds, and despite representing to those victims that those funds would be used for the 24th Street Property, GARLOCK and RODRIGUEZ caused approximately $242,000 of Victims 4 and 5's investment loan to be transferred to a Bank of Stockton account held in the name of 27th & Telegraph.

33.     Thereafter, GARLOCK and RODRIGUEZ caused the funds that had been transferred to 27th & Telegraph's bank account to be used for expenses unrelated to the 24th Street Property, or to even the 29th Street Property. Specifically, GARLOCK and RODRIGUEZ caused Victims 4 and 5's funds to be used for various personal, business, and other expenses, including the following:

    a.      Rent for GARLOCK in Tiburon, California;

    b.      Payment of RODRIGUEZ's credit card bill;

c.   Tax return preparation fees for Menlo Capital/67th Street;

d.   Payment of $17,352.15 to a lending bank related to a loan associated with 5400 Kiernan, LLC, another entity controlled by or associated with GARLOCK and RODRIGUEZ;

e.   Payment of $11,250.00 to Company B related to a loan pertaining to the 67th Street Property;

f.   Expenses related to Senior Care of California, LLC, another entity controlled by or associated with GARLOCK and RODRIGUEZ;

g.   Payment to a lending fund related to a loan associated with Sonora Senior Living, LLC, another entity controlled by or associated with GARLOCK and RODRIGUEZ; and

h.   Payment of $16,000.00 to GARLOCK's child with respect to a promissory note on a loan, which note was signed by RODRIGUEZ on behalf of 2555 Pulgas.

34.   In order to lull Victims 4 and 5, to dissuade those victims from requesting the return of their principal and to provide GARLOCK and RODRIGUEZ with time to expend the funds provided by Victims 4 and 5, GARLOCK and RODRIGUEZ caused at least two interest payments to be made to Victims 4 and 5.  To date, Victims 4 and 5 have not received the return of their principal.

COUNT ONE:          (18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud)

35.   The factual allegations in Paragraphs 1 through 34 are re-alleged and incorporated herein as if set forth in full.

36.   Beginning on a date unknown to the Grand Jury, but by no later than in or about March 2017 and continuing to a date unknown to the Grand Jury, but at least through June 2018, in the Northern District of California, and elsewhere, the defendants,

WILLIAM F. GARLOCK
and
GEORGINA RODRIGUEZ,

knowingly and willfully conspired and agreed together and with each other to commit an offense against the United States, to wit, mail fraud, in violation of Title 18, United States Code, Section 1341.

All in violation of Title 18, United States Code, Section 1349.

/ / /

/ / /

SUPERSEDING INDICTMENT
CR 21-00097 CRB                              8

1    <u>COUNTS TWO AND THREE</u>:    (18 U.S.C. § 1341 – Mail Fraud)

2         37.    The factual allegations in Paragraphs 1 through 36 are re-alleged and incorporated herein

3    of as if set forth in full.

4         38.    Beginning no later than in or about March 2017 and continuing to a date unknown to the

5    Grand Jury, but at least through June 2018, in the Northern District of California, and elsewhere, the

6    defendants,

7    WILLIAM F. GARLOCK<br>and

8    GEORGINA RODRIGUEZ,

9    did knowingly and with the intent to defraud participate in, devise, and intend to devise a scheme and

10    artifice to defraud investors and potential investors (including Victims 1, 2, and 3) as to a material

11    matter, and to obtain money and property from investors and potential investors (including Victims 1, 2,

12    and 3) by means of materially false and fraudulent pretenses, representations, and promises, and by

13    means of omission and concealment of material facts, which scheme and artifice is summarized in

14    Paragraphs 17 through 22 above.

15    <u>The Use of the Mails</u>

16         39.    On or about the dates set forth in the separate counts below, in the Northern District of

17    California, for the purpose of executing the aforementioned scheme and artifice to defraud Victims 1, 2,

18    and 3, and attempting to do so, the defendants,

19    WILLIAM F. GARLOCK<br>and

20    GEORGINA RODRIGUEZ,

21    did knowingly cause to be delivered by mail according to the direction thereon mail matter containing

22    correspondence addressed to the victims identified below, which correspondence solicited an

23    investment.

| COUNT | DATE | ITEM MAILED |
|-------|------|-------------|
| TWO | 03/07/2017 | Mailing addressed to Victim 1 containing cover letter and attachments describing investment |
| THREE | 03/07/2017 | Mailing addressed to Victim 3 containing cover letter and attachments describing investment |

27    Each in violation of Title 18, United States Code, Section 1341.

28    / / /

SUPERSEDING INDICTMENT
CR 21-00097 CRB                  9

COUNT FOUR:        (18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering)

40.        The factual allegations in Paragraphs 1 through 39 are re-alleged and incorporated herein as if set forth in full.

41.        Beginning on a date unknown to the Grand Jury, but by no later than in or about March 2017 and continuing to a date unknown to the Grand Jury, but at least through June 2017, in the Northern District of California, and elsewhere, the defendants,

WILLIAM F. GARLOCK
and
GEORGINA RODRIGUEZ,

knowingly and willfully conspired and agreed together and with each other to commit an offense against the United States, to wit, money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

Manner and Means of the Conspiracy to Commit Money Laundering

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

42.        GARLOCK and RODRIGUEZ caused Victim 1's $300,000 investment check to be deposited into a bank account in Menlo Capital/67th Street's name at California Bank & Trust, which account was numbered ending 9785 ("9785 Account").

43.        On or about March 17, 2017, GARLOCK and RODRIGUEZ caused $75,000 of Victim 1's investment to be transferred from the 9785 Account to a bank account in West Edge Halo's name at California Bank & Trust, which account was numbered ending 6457 ("6457 Account").

44.        On or about April 12, 2017, GARLOCK and RODRIGUEZ caused Victim 2 and 3's $200,000 investment check to be deposited into Menlo Capital/67th Street's 9785 Account, along with two $30,000 investment checks from relatives of Victim 2.

45.        On or about April 13, 2017, GARLOCK and RODRIGUEZ caused $200,000 to be transferred from the 9785 Account to West Edge Halo's 6457 Account.  More than $150,000 of this amount was traceable to the funds that Victims 2 and 3 invested with Menlo Capital/67th Street by virtue of their $200,000 check.

46.        On or about April 28, 2017, GARLOCK and RODRIGUEZ caused $115,000 to be

1  transferred from the 9785 Account to West Edge Halo's 6457 Account.  More than $30,000 of this

2  amount was traceable to the funds that Victims 2 and 3 invested with Menlo Capital/67th Street by

3  virtue of their $200,000 check.

4      47.    Between April 28, 2017, and June 7, 2017, GARLOCK and RODRIGUEZ caused

5  numerous financial and monetary transactions, including a payment to Individual 1's company for the

6  purpose of paying down that company's business line of credit.  These numerous transactions

7  culminated in the purchase of a Certificate of Deposit ("CD") from California Bank & Trust in the name

8  of Feng 24th, which CD was numbered ending 7281.

9      All in violation of Title 18, United States Code, Section 1956(h).

10

11  <u>COUNT FIVE</u>:      (18 U.S.C. §§ 1956(a)(1)(B)(i) & 2 – Money Laundering and Aiding and
                            Abetting)

12      48.    The factual allegations in Paragraphs 1 through 47 are re-alleged and incorporated herein

13  as if set forth in full.

14      49.    On or about April 28, 2017, in the Northern District of California and elsewhere, the

15  defendants,

16                          WILLIAM F. GARLOCK
                                    and
17                          GEORGINA RODRIGUEZ,

18  did knowingly conduct and attempt to conduct a financial transaction (as that term is defined in Title 18,

19  United States Code, Section 1956(c)(4)), to wit, the deposit of a check in the amount of $115,000 drawn

20  on Menlo Capital/67th Street's 9785 Account to West Edge Halo's 6457 Account, which involved the

21  proceeds of a specified unlawful activity, that is, mail fraud, knowing that the transaction was designed

22  in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the

23  proceeds of said specified unlawful activity and that while conducting and attempting to conduct such

24  financial transaction knew that the property involved in the financial transaction represented the

25  proceeds of some form of unlawful activity.

26      All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

27  / / /

28  / / /

SUPERSEDING INDICTMENT
CR 21-00097 CRB                              11

COUNT SIX: (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

50.     The factual allegations in Paragraphs 1 through 49 are re-alleged and incorporated herein as if set forth in full.

51.     Beginning on a date unknown to the Grand Jury, but by no later than in or about February 2019 and continuing to a date unknown to the Grand Jury, but at least through April 2019, in the Northern District of California, and elsewhere, the defendants,

WILLIAM F. GARLOCK
and
GEORGINA RODRIGUEZ,

knowingly and willfully conspired and agreed together and with each other to commit an offense against the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

COUNTS SEVEN THROUGH ELEVEN:    (18 U.S.C. § 1343 – Wire Fraud)

52.     The factual allegations in Paragraphs 1 through 51 are re-alleged and incorporated herein of as if set forth in full.

53.     Beginning no later than in or about February 2019 and continuing to a date unknown to the Grand Jury, but at least through April 2019, in the Northern District of California, and elsewhere, the defendants,

WILLIAM F. GARLOCK
and
GEORGINA RODRIGUEZ,

did knowingly and with the intent to defraud participate in, devise, and intend to devise a scheme and artifice to defraud lenders and potential lenders (specifically, Victims 4 and 5) as to a material matter, and to obtain money and property from lenders and potential lenders (specifically, Victims 4 and 5) by means of materially false and fraudulent pretenses, representations, and promises, and by means of concealment of material facts, including through the use of half-truths, which scheme and artifice is summarized in Paragraphs 26 through 34 above.

The Use of the Wires

54.     On or about the dates set forth in the separate counts below, in the Northern District of California, for the purpose of executing the aforementioned scheme and artifice to defraud Victims 4

SUPERSEDING INDICTMENT
CR 21-00097 CRB                              12

1  and 5, and attempting to do so, the defendants,

2  WILLIAM F. GARLOCK
   and
3  GEORGINA RODRIGUEZ,

4  having knowingly, and with the intent to defraud, devised and intended to devise a scheme and artifice

5  to defraud lenders (specifically, Victims 4 and 5) as to a material matter and to obtain money and

6  property from lenders (specifically, Victims 4 and 5) by means of materially false and fraudulent

7  pretenses, representations, and promises, and by concealment of material facts, including through the

8  use of half-truths, which scheme and artifice is described in part above, and for the purpose of executing

9  such scheme and artifice, and attempting to do so, did knowingly transmit and cause to be transmitted by

10 means of wire communication in interstate commerce certain writings, signs, signals, and pictures,

11 namely, the following wire transfers of funds, each processed through Federal Reserve System

12 computers located outside of the state of California:

13
| COUNT | DATE | DESCRIPTION OF WIRE TRANSFER |
|---|---|---|
| SEVEN | 03/18/2019 | Wire transfer of $400,000.00 from Victims 4 and 5's Bank of the West account to Old Republic Title Company's Comerica Bank account |
| EIGHT | 03/19/2019 | Wire transfer of $242,868.49 from Old Republic Title Co.'s Comerica Bank account to 27th & Telegraph's Bank of Stockton account |
| NINE | 03/20/2019 | Wire transfer of $25,000.00 from 27th & Telegraph's Bank of Stockton account to RODRIGUEZ's California Bank & Trust account |
| TEN | 03/21/2019 | Wire transfer of $17,352.55 from 27th & Telegraph's Bank of Stockton account to 5400 Kiernan's Bank of America account |
| ELEVEN | 03/25/2019 | Wire transfer of $67,744.50 from 27th & Telegraph's Bank of Stockton account to RODRIGUEZ's California Bank & Trust account |

19     Each in violation of Title 18, United States Code, Section 1343.

20 COUNTS TWELVE THROUGH FIFTEEN:          (18 U.S.C. §§ 1957 & 2 – Engaging in Monetary
                                          Transactions with Proceeds of Specified Unlawful
21                                        Activity and Aiding and Abetting)

22     55.    The factual allegations in Paragraphs 1 through 54 are re-alleged and incorporated herein

23 as if set forth in full.

24     56.    Among other transactions, on or about the dates set forth in the separate counts below, in

25 the Northern District of California, and elsewhere, the defendants,

26 WILLIAM F. GARLOCK
   and
27 GEORGINA RODRIGUEZ,

28 did knowingly engage in a monetary transaction by, through, and to a financial institution (as that term

SUPERSEDING INDICTMENT
CR 21-00097 CRB                    13

1  is defined in Title 18, United States Code, Sections 1956 and 1957 and Title 31, United States Code,

2  Section 5312(a)(2)) in and affecting interstate commerce, in criminally derived property of a value

3  greater than $10,000, such property having been derived from the specified unlawful activity of wire

4  fraud:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| TWELVE | 03/22/2019 | Posting of unnumbered $16,000.00 check payable to GARLOCK's child in Bank of Stockton account in the name of 2555 Pulgas numbered ending 3144 |
| THIRTEEN | 03/22/2019 | Posting of $17,352.15 check numbered 1453 payable to lending bank in Bank of America account in the name of 5400 Kiernan numbered ending 5404 |
| FOURTEEN | 03/26/2019 | Wire transfer of $11,250.00 from Bank of Stockton account in the name of 2555 Pulgas numbered ending 3144 to bank account of Company B |
| FIFTEEN | 03/29/2019 | Wire transfer of $61,333.33 from Wells Fargo Bank account in the name of Sonora Senior Living numbered ending 2221 to bank account of lending fund |

12       Each in violation of Title 18, United States Code, Sections 1957 and 2.

13                      ADDITIONAL SENTENCING ALLEGATION

14                              [18 U.S.C. § 3147]

15       57.    At the time that he committed the offenses charged in Counts Six through Fifteen of this

16  Superseding Indictment, the defendant

17                          WILLIAM F. GARLOCK

18  was on pretrial release under Title 18, United States Code, Section 3142, pursuant to an order dated

19  September 11, 2018, in the case *United States v. William F. Garlock*, CR 18-0418 VC, pending in the

20  United States District Court for the Northern District of California, which order notified the defendant

21  GARLOCK of the potential effect of committing an offense while on pretrial release.

22
    FORFEITURE ALLEGATIONS:     (18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) & 982(b)(1) & 28 U.S.C.
23                               § 2461(c))

24       58.    The allegations contained in this Superseding Indictment are re-alleged and incorporated

25  by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections

26  981(a)(1)(C), 982(a), and 982(b)(1), and Title 28, United States Code, Section 2461(c).

27       59.    Upon conviction for any of the offenses set forth in Counts One through Three and

28  / / /

SUPERSEDING INDICTMENT
CR 21-00097 CRB                        14

1 │ Counts Six through Eleven of this Superseding Indictment, the defendants,

2 │ WILLIAM F. GARLOCK<br/>and
3 │ GEORGINA RODRIGUEZ,

4 │ shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and

5 │ Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived

6 │ from proceeds the defendants obtained directly and indirectly, as the result of those violations, including

7 │ but not limited to the following, a forfeiture money judgment in the amount of no less than $900,000.

8 │     60.    If any of the property described above, as a result of any act or omission of the

9 │ defendants:

10 │     a.    cannot be located upon exercise of due diligence;

11 │     b.    has been transferred or sold to, or deposited with, a third party;

12 │     c.    has been placed beyond the jurisdiction of the court;

13 │     d.    has been substantially diminished in value; or

14 │     e.    has been commingled with other property which cannot be divided without difficulty,

15 │ the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

16 │ United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

17 │     61.    Upon conviction for any of the offenses set forth in Counts Four and Five and Counts

18 │ Twelve through Fifteen of this Superseding Indictment, the defendants,

19 │ WILLIAM F. GARLOCK<br/>and
20 │ GEORGINA RODRIGUEZ,

21 │ shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) all property, real and personal,

22 │ involved in said violations, or any property traceable to such property, including but not limited to

23 │ (a) the funds in the Certificate of Deposit ("CD") held in the name of Feng 24th LLC at California Bank

24 │ & Trust, which Certificate of Deposit has an account numbered ending 7281 and (b) a forfeiture money

25 │ judgment in the amount of the financial transactions alleged in Counts Four and Five and Counts Twelve

26 │ through Fifteen.

27 │ / / /

28 │ / / /

1   62. If, as a result of any act or omission of the defendant, any of said property identified

2 above:

3   a. cannot be located upon the exercise of due diligence;

4   b. has been transferred or sold to, or deposited with, a third person;

5   c. has been placed beyond the jurisdiction of the Court;

6   d. has been substantially diminished in value; or

7   e. has been commingled with other property that cannot be divided without difficulty,

8 the United States shall, pursuant to 21 U.S.C. § 853(p) (as incorporated by 18 U.S.C. § 982(b)(1)), seek

9 forfeiture of any other property of said defendant up to the value of the forfeitable property described

10 above.

11   All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(b)(1),

12 Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

13

14 DATED: July 14, 2022         A TRUE BILL.

15

16                 _____

17                 FOREPERSON

18 STEPHANIE M. HINDS
 United States Attorney

19

20 *Kyle F. Waldinger*
 KYLE F. WALDINGER

21 Assistant United States Attorney

22

23

24

25

26

27

28

SUPERSEDING INDICTMENT
CR 21-00097 CRB       16